UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMARA OXENDINE, | ) Civil Action No. |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CONVENTYA INC., | ) |
| and DOUGLAS VOGEL | ) |
| | ) |
| Defendants. | ) |

**COMES NOW** Plaintiff, by and through her undersigned counsel, bring this Complaint for damages against Defendants and in support thereof state the following:

1. This is a tort action brought on behalf of Plaintiff arising out of Defendants' negligent operation of a motor vehicle. As a result, Plaintiff suffered permanent injuries and significant pain and suffering, emotional distress, lost wages and earning capacity, and diminished quality of life. The Plaintiff respectfully seeks all damages to which she may be legally entitled.

2. Plaintiffs is, and was, at all relevant times, a citizen and resident of Missouri and the United States.

3. Coventya, Inc. ("Coventya") is incorporated in New York and has its principal place of business in Oriskany, New York. Coventya is an international company which provides specialty chemicals for electroplating, surface finishing & friction control. Coventya has offices and facilities around the United States and employs defendant Douglas Vogel ("Vogel") as one of its vice

presidents of strategic accounts. Coventya's primary office is located at 132 Clear Road, Oriskany, New York, 13424.

4. Defendant Vogel at all times relevant herein, was a resident of the state of Arizona, who resides at Paradise Park Trails 8657 E. Irish Hunter Trail, Scottsdale, AZ 85258-1442. Defendant Vogel was on duty and was acting as an employee, agent and representative of Coventya at the time of the automobile collision described herein that injured plaintiff. Defendants misfeasance and malfeasance caused Plaintiff to suffer injury and damages.

5. Defendants are individually, jointly and severally liable to Plaintiff for damages arising from Defendant Vogel's negligent and careless operation of a rental automobile while on a business trip and acting on behalf of and for the benefit of Coventya. Defendant Vogel was acting within the course and scope of his employment with Coventya.

6. Defendant Coventya is vicariously liable for the acts and/or omissions of Vogel who was at all times relevant hereto acting on behalf of Coventya and within the scope of his employment or agency with Coventya.

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on complete diversity of citizenship between Plaintiff and all Defendants. The amount in controversy exceeds $75,000.00.

8. This Court has personal jurisdiction over each of the Defendants pursuant to the Kansas Long-Arm Statute, K.S.A. 60-308 (b) (2). Defendant Vogel acting on behalf of Defendant Coventya as an employee and agent for Coventya committed a tortious act within the state of Kansas by and through his negligent and carless operation of a vehicle that caused a collision with Plaintiff's vehicle and caused Plaintiff to sustain the injuries, damages and losses described herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

10. On or about September 08, 2017, at or about 7:11 a.m., Plaintiff was the driver of a 2014 Chevrolet Malibu that was traveling in a southwesterly direction on K169 Highway in Neosho County, in the State of Kansas.

11. At that same time and place, Defendant Vogel was the driver of a Hertz rental car, that was traveling in the same direction as and ahead of plaintiff on K169 Highway in Neosho County, in the State of Kansas.

12. At the above place and time, Defendant Vogel made a U turn on the highway and collided with plaintiff's vehicle.

## COUNT I: NEGLIGENCE

For Count I of her cause of action against Defendants, plaintiff states and alleges as follows:

13. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 12 of this petition.

14. On the above stated date, while utilizing the public roadways of K169, in Neosho County, Kansa, Defendants owed to Plaintiff a duty to operate their vehicle under control with the highest degree of care so as to not injure, maim, or harm Plaintiff.

15. The collision aforesaid and the injuries and damages to Plaintiff described below are the direct and proximate result of the negligence, carelessness, faults, and omissions of the defendants in one, more, or all of the following particulars, to wit:

    a. Operating a motor vehicle in a careless, negligent, and reckless manner without due caution and without the exercise of the highest degree of care under the circumstances;

b. Failing to exercise the highest degree of care while operating a motor vehicle upon the roadway as aforesaid;

c. Failing to maintain a proper speed for the conditions of the roadway and/or circumstances;

d. Failing to stop, swerve, or slacken speed after Defendant Vogel knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of a collision;

e. Failing to sound a warning after Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of a collision;

f. Failing to yield the right of way;

g. Failing to keep a careful lookout; and

h. Failing to maintain a safe distance from other vehicles.

16. Defendants' negligence, carelessness, faults and omissions directly and proximately caused or contributed to cause Plaintiff to sustain injuries to her neck, upper back, hands and head. Plaintiff has incurred and will continue to incur a substantial sum of expenses for medical and health care and treatment. Plaintiff was caused and continues to have pain, suffering, emotional and physical distress, post-traumatic stress, loss of enjoyment and quality of life, loss of past and future earnings and inconvenience.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for compensatory damages that are fair and reasonable, for her costs herein incurred and for prejudgment and post-judgment interest as provided by law, and for whatever future and further damages the Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE

17. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16 of this petition.

18. On the above stated date and time, while utilizing the public roadways of K169, in Neosho County, Kansas, Defendants owed to Plaintiff a duty to operate their vehicle under control with the highest degree of care so as to not injure, maim, or harm Plaintiff.

19. Defendant Vogel was negligent per se in causing the collision with the vehicle occupied by the plaintiff:

   a. By making a U-turn on a highway before ascertaining whether he could safely make such a U-turn in violation of Kansas statute K.S.A. 8-1546.

   b. By failing to sound his horn to give warning to the on-coming traffic of his presence in the path of the oncoming traffic, including the vehicle occupied by plaintiff, in violation of K.S.A. 8-1738 (a).

   c. By operating his vehicle in willful and wanton disregard for the safety of other person driving and occupying vehicles on the highway in violation of K.S.A. 8-1566, and K.S.A. 8-1546.

   d. By failing to yield to on-coming traffic before entering upon the highway in violation of K.S.A. 8-1529, and

   e. By driving his vehicle at a greater speed that was reasonable and prudent under the conditions and having regard to the actual hazards existing at the time in violation of K.S.A. 8-1557.

20. Plaintiff was within the class of persons intended to be protected by said statutes; Plaintiff sustained injuries that said statutes were designed to prevent; and the violation of said statutes caused the injuries to Plaintiff.

21. Defendant's negligence, carelessness, faults and omissions directly and proximately caused or contributed to cause Plaintiff to sustain injuries to her neck, upper back, hands and head. Plaintiff has incurred and will continue to incur a substantial sum for medical and health care and treatment. Plaintiff was caused and continues to have pain, suffering, emotional and physical distress, post-traumatic stress, loss of enjoyment and quality of life, loss of past and future earnings and inconvenience.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for compensatory damages that are fair and reasonable, for her costs herein incurred and for prejudgment and post-judgment interest as provided by law, and for whatever future and further damages the Court deems just and proper.

Respectfully submitted,

**CHIONUMA LAW FIRM, LLC**

*/s/ Chuck N. Chionuma*

Chuck N. Chionuma, Esq., MO Bar #32956 The Alpha Historic Building
3339 Troost Ave.
Kansas City, MO 64109
(816) 421-5544-Telephone
(816) 421-5353 - Facsimile
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Charles S. Scott, Jr.*
_____
Charles S. Scott, Jr. KS #08573
6031 Albervan Street
Shawnee, KS 66216
(913) 268-4842
(913) 248-0424 (fax)
Email: *charlesscott@kc.rr.com*
**ATTORNEY FOR PLAINTIFF**

### REQUEST FOR JURY TRIAL

**Plaintiff request a jury trial in the above captioned case**

**PLACE OF TRIAL – U.S. DISTRICT COURT AT KANSAS CITY, KANSAS**